## Case No. 10,791.

### PASSENGER ACT OF MARCH 3, 1855.

### [35 Hunt, Mer. Mag. 451.]

District Court, D. California. 1856.

#### CARRIERS OF PASSENGERS—VESSELS—LIMITATIONS AS TO NUMBER AND SPACE ALLOWED.

In the United States district court (California), at the suggestion of Colonel Inge, United States district attorney, McALLISTER, Circuit Judge, delivered a special charge to the grand jury on the construction of the provisions of the passenger act of March 3, 1855 [10 Stat. 715].

His honor said: Since the year 1819, about which time there was press of European immigration to this country, congress has passed various laws in relation to the carriage of passengers in vessels. When, in the course of circumstances, such measures became matters of great necessity, congress followed out the legislation on the subject by an act in the year 1847, and different acts in the ensuing years,—all these acts having for their object the safety and the health of passengers. The act of the 3d of March, 1855, repeals, and, as it were, codifies all the laws passed by congress in relation to the transportation of passengers by sea. This act was passed by congress on the last day of its session, and its provisions are somewhat obscure, and to a certain extent, difficult of construction.

The court proceeded to construe the law by a course of reasoning, and concluded that, under the provisions of the first section, two distinct offenses were specified: (1) The taking on board a greater number of passengers than in proportion of one to every two tons of the vessel. (2) The following portion of the section referred to appropriated certain spaces on the deck for the use of the passengers, viz. 16 superficial feet on the main and poop deck and deck houses, and 18 superficial feet on the lower deck, for each passenger. The proper construction of this provision was that if the whole number of passengers exceeded the aggregate amount of space appropriated, without reference to their actual distribution on the different decks, the master of the vessel was liable to prosecution for misdemeanor, and to pay a fine of $50 for each passenger in excess.

His honor referred to the 10th section of the law making the provisions relating to the space in vessels appropriated to the use of passengers applicable to the carriage of steerage passengers in steamers. According to the principle of a strict construction of penal statutes and the rule, "expressio unius, exclusio alterius," his honor decided that the

number of steerage passengers which a steamer was entitled to transport was to be estimated exclusively by the proportion of space, and not by the proportion referred to, of one passenger to two tons of the vessel.